### KITTLE *v.* HALL and others.

*(Circuit Court, S. D. New York. March 9, 1887.)*

PATENTS FOR INVENTIONS—INVALID CLAIM—DISCLAIMER—INFRINGEMENT—DAMAGES.

A patentee who has retained, during the life of his patent, an invalid claim, may recover upon the valid claims, though he filed no disclaimer after the decision holding the claim invalid, it appearing that the patent was then about to expire and that it was too late to file a disclaimer.

In Equity.

The court heretofore decided (*Kittle* v. *Hall*, 29 Fed. Rep. 508) that the complainant, although the third claim of his patent was invalid as having been irregularly inserted, was, nevertheless, the patent being about to expire, entitled to a decree for an accounting as to the valid claims. No disclaimer was filed, and the defendants now move to dismiss the bill for that reason.

*James P. Foster,* for complainant.

*James A. Whitney,* for defendants.

COXE, J. It is unnecessary to follow the very elaborate discussion by counsel of the question involved further than to say that I am quite clearly of the opinion that the decision in *Yale Lock Co.* v. *Sargent,* 117 U. S. 536, 553, 554, 6 Sup. Ct. Rep. 934, must be regarded as a controlling authority in favor of the complainant. That was a suit upon a reissued patent containing five claims. Only one, the first, was alleged to be infringed, and apparently this was the only claim considered in the court below. The complainant obtained a decree for an injunction, and for damages amounting to several thousand dollars. The supreme court held that claim No. 4 of the reissue was clearly void; that there was no unreasonable delay in filing a disclaimer, for the reason that the patentee had not before been informed of the invalidity of the claim; and that no disclaimer could then be filed, as the patent had expired. The decree, except as to costs, was, nevertheless, in all things affirmed. In other words, a patentee who had retained, during the life of the patent, an absolutely invalid claim, was permitted to recover upon the valid claims, though no disclaimer was filed or was possible when the decision was rendered. In the case in hand, for various reasons not necessary to discuss, the hearing was delayed until within a few weeks of the expiration of the patent. The complainant was then for the first time told that his third claim was void. After the decision was made, it was probably too late to file a disclaimer; but, in any event, it would have been operative for less than a day, and the filing would have been a vain and inconsequential act. It would, in such circumstances, be most inequitable, after deciding that the complainant has made a meritorious invention, to turn him out of court upon the application of an infringer, unless the proposition that he is remediless is an exceedingly plain one. Believing, however, that the doctrine of the *Yale-Sargent* Case will require an affirmance of the decree in this regard, it is clearly the duty of the court to deny the motion.

A decree should be entered for the complainant in accordance with the decision heretofore filed, but without costs.